STEVEN M. ROGERS, ESQ.
Nevada Bar No. 10975
**HICKS & BRASIER, PLLC**
2630 S. Jones Blvd.
Las Vegas, Nevada 89146
Phone: (702) 628-9888
Fax: (702) 960-4118
E-Mail: srogers@lvattorneys.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD KELLER, JR., individually, ) | CASE NO.: 2:20-cv-284-JCM-VCF |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ROYCE PLOWMAN, individually, ) | |
| MADISON SMITH, individually; DOES I ) | |
| through X, inclusive; ROE ) | |
| CORPORATIONS XI through XX, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |

**JOINT DISCOVERY PLAN AND SCHEDULING ORDER SPECIAL SCHEDULING REVIEW REQUESTED**

1. **Federal Rule of Civil Procedure 26(f) Conference**: Pursuant to FRCP 26(f) and LR 26-1(a), a conference was held on February 27, 2020 and was attended by:

   a. Steven M. Rogers, Esq. for Plaintiff; and

   b. Rachel J. Holzer, Esq . for Defendant.

2. **Discovery Plan**: The parties jointly propose to the Court the following discovery plan:

   a. **Subjects of Discovery**: Discovery will be needed on the following non-exclusive list of subjects:

      i. issues of liability, and damages.

      ii. The parties jointly agree to exchange all photographs, video or any other media pertaining to the subject incident, if any.

1

      iii. Any incident report made on the date of incident pertaining to the subject incident, if any.

      iv. The pre- and post-accident medical records of Plaintiff related to the injuries alleged sustained in the accident;

      v. Defendant shall disclose to Plaintiff any applicable insurance policy pertaining to the date of incident.

      vi. Depositions of the person(s) most knowledgeable as to the circumstances of the incident.

      vii. Depositions of any of Plaintiff's medical providers that he treated with for injuries he claims are related to the accident.

3. **Discovery cut off dates:** Defendants filed their Notice of Removal on February 10, 2020. Typically, all Discovery should be completed within 6 months, or 180 days, from the first appearance in this jurisdiction, which would be August 25, 2020, as Defendants ROYCE PLOWMAN and MADISON SMITH received a copy of the Complaint via a process server agent on January 18. 2020. All Defendants had filed an Answer to Plaintiff's Complaint by February 18, 2020.

      i. *Joint Request for Additional Time to Complete Discovery*

In this case, the parties seek an additional amount of initial time to complete discovery due to the travel and intricacies involved, which will be set forth below. The parties jointly propose a 360 day initial discovery plan, or 12 months from first appearance based on the following factors.

This is motor vehicle accident which occurred on February 1, 2019. Defendants are resident of the State of Utah. Accordingly, *noticed depositions of these parties must consider the time and availability to travel, which coordination takes some additional time.*

Additionally, Plaintiff retention of a medical expert, life care planner, vocational rehabilitation specialist, and economist is necessary. Defendants will likely provide a similar lineup, though they may share in this aspect of the case, nonetheless, *the retained experts each need time to obtain and review the records in order to formulate opinions and generate reports*.

Each party in this matter is likely going to be required to retain experts as to liability; biomechanical engineers, accident reconstructionist, and standard of care/product defect experts. To obtain the information necessary to render reports, obtaining of documents from different jurisdictions and multistate travel is again required.

Finally, all of the Plaintiff treated with many different medical providers. Those providers need to be identified, the records requested, and obtained for their possible identification as exhibits and being subject to expert review and opinion. *The parties need time to accomplish sending out authorization for records release and/or custodian of records deposition notices, and/or subpoenas for any treating physicians.*

In sum, Deposition of Defendants will require travel out of state. Each party may require the services of several experts. To complete what is necessary to provide expert reports by a traditional date under the 180 day schedule, which would be this August, is far too strenuous.

Thus, the parties jointly propose an extended initial discovery plan of 365 days, or twelve months from first appearance which would make the **discovery cut-off March 1, 2021.** Additional extensions may be required and requested based on whether all of the above can be accomplished in the first instance.

As such, the parties may request additional time to conduct Discovery.

c. Fed R. Civ. P. 26(a)(1):
  i. Initial Disclosures shall occur on or before March 12, 2021.
d. Fed. R. Civ. P. 26(a)(2):
  i. Initial experts and expert reports shall occur on or before December 1, 2020, which is 90 days before the discovery cutoff date;
  ii. The disclosures of rebuttal experts and their reports shall occur on February 1, 2021, which is 30 days before discovery cutoff date
e. Other items:
  iii. Amending the Pleadings and Adding Parties: The parties shall have until December 1, 2020, to file any motion(s) to amend the pleadings or to add parties. This is 90 days before the Discovery cutoff date for filing such motions.

3

iv. Interim Status Report: The parties shall file the Interim Status Report required by LR 26-3 by December 31, 2020. The undersigned counsels certify that they have read LR 26-3 and that this date is not later than 60 days before the Discovery cutoff date.

v. Dispositive Motions: The parties have until March 31, 2020 to file Dispositive Motions. This is 30 days after the Discovery cutoff date and does not exceed outside the limit of 30 days following the Discovery cutoff date that LR 26-1(b)(4) presumptively sets for filing Dispositive Motions.

vi. Pretrial Order: The Pre-Trial Order shall be filed by April 30, 2021, which is not more than 30 days after the date set for filing of Dispositive Motions in the case. This deadline is suspended if a Dispositive Motion is filed in time. The disclosure required by FRCP 26(a)(3) shall be made in the Joint Pre-Trial Order.

vii. Later Appearing Parties: A copy of this Discovery Plan and Scheduling Order shall be served on any person served after it is entered, or if additional Defendants should appear, 5 days after their first appearance. This Discovery Plan and Scheduling Order shall apply to such later appearing part(y)(ies) unless the Court, on Motion and for good cause shown, otherwise orders.

viii. Extensions/Modifications of the Discovery Plan and Scheduling Order: Local Rule 26-4 requires that any request to extend deadlines set forth in the scheduling order must be submitted at least 21 days before the subject deadline.

ix. The parties hereby certify that they have met and conferred regarding the possibility of alternative dispute resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

x. The parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

xi. The parties hereby certify that they discussed presenting evidence in electronic format to jurors for the purposes of jury deliberations. The parties were unable to reach any stipulations at that time regarding providing discovery in an electronic format compatible with the court's electron electronic jury evidence display system.

**IT IS SO ORDERED:**

Dated March 19, 2020

_____
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM AND CONTENT:**

DATED this 12th day of March, 2020.                     DATED this 12th day of March, 2020.

HICKS & BRASIER, PLLC                                   TYSON & MENDES LLP


By:\_\_\_/s/ Steven M. Rogers\_\_\_\_                           By:\_\_/s/ Rachel J. Holzer_____
STEVEN M. ROGERS, ESQ.                                  RACHEL J. HOLZER, ESQ.
Nevada Bar No. 10975                                    Nevada Bar No. 11604
2630 S. Jones Blvd.                                     3960 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89146                                 Las Vegas, NV 89169
*Attorneys for Plaintiff*                               *Attorneys for Defendant*