FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
NAQVI INJURY LAW
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
paul@naqvilaw.com
*Attorneys for Plaintiff*

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER, LLP
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, Nevada 89119
Telephone: (702) 727-1400
Facsimile: (702) 727-1401
Michael.Lowry@wilsonelser.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAYRI OLIVAS-ARENAS, individually, | Case No.: 2:19-cv-00624-RFB-VCF |
| Plaintiff, | |
| vs. | **JOINT PRETRIAL ORDER** |
| HOBBY LOBBY STORES, INC. d/b/a HOBBY LOBBY #679 d/b/a HOBBY LOBBY; 2199 NORTH RAINBOW BOULEVARD HOLDINGS, LLC; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive, | |
| Defendants. | |

/ / /

271954932v.3

## I.

## **NATURE OF THE ACTION**

This is an action arising from a slip and fall incident that occurred on June 3, 2017 in Clark County, Nevada. Plaintiff HAYRI OLIVAS-ARENAS ("Plaintiff") alleges that she was on the premises of Hobby Lobby #679 located at 2251 N. Rainbow Boulevard, Las Vegas, Nevada 89108 (the "Premises") in the "racetrack" aisle when Plaintiff slipped on a liquid spill. Plaintiff seeks general and special damages arising from the subject incident.

Defendants owned, maintained and/or operated the Premises at all times relevant to this matter. Plaintiff asserts that Defendants were negligent and that such negligence caused the subject incident. Plaintiff seeks general and special damages arising from the subject incident.

## II.

## **STATEMENT OF JURISDICTION**

This case was removed to Federal Court pursuant to 28 U.S.C. §§1441(a) and 1446 based upon diversity jurisdiction under 28 U.S.C. §§1332. During all times relevant, Plaintiff was and is a resident of Clark County, Nevada. During all times relevant, Defendants are foreign corporations doing business in the State of Nevada. Plaintiff's alleged past medical expenses are $83,408.62. Plaintiff alleges additional damages on which her experts have rendered calculations. Moreover, Plaintiff is also claiming damages for pain and suffering. Thus, the amount in controversy is in excess of $75,000.00.

/ / /

/ / /

/ / /

271954932v.3

# III.

# ADMITTED FACTS

The following facts are admitted by the parties and require no proof:

1. Defendant HOBBY LOBBY STORES, INC. d/b/a HOBBY LOBBY #679 d/b/a HOBBY LOBBY ("Defendant Hobby Lobby") operated the subject store.
2. On June 1, 2017, Plaintiff was inside the subject store.
3. While in the store, Plaintiff slipped and fell
4. Apolinar Porfirio Lopez, Jr. was within the course and scope of his employment with Defendant Hobby Lobby at the time of the fall.
5. The source of the spill is unknown.

# IV.

# UNCONTESTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:  None

# V.

# ISSUES TO BE TRIED

The court granted partial summary judgment to Defendant Hobby Lobby, concluding there is no admissible evidence indicating Defendant Hobby Lobby created the hazard that caused Plaintiff's fall or that Defendant Hobby Lobby had actual notice of the hazard that caused Plaintiff's fall.  The court denied summary judgment as to whether Defendant Hobby Lobby had constructive notice of that hazard.  The court separately granted partial summary judgment as to Plaintiff's negligent hiring and retention causes of action, which Plaintiff conceded.  Partial summary judgment was denied as to negligent supervision and training.

The following are issues of fact to be tried and determined upon trial:

271954932v.3

1. Whether Defendant Hobby Lobby was negligent.
2. Whether Defendant Hobby Lobby had constructive notice of the hazard that caused Plaintiff's fall and whether that proximately caused Plaintiff's alleged damages.
3. Whether the hazard that caused Plaintiff's fall was caused by the act or omission of a third person over whom Hobby Lobby had no control.
4. Whether Defendant Hobby Lobby was negligent in its supervision and/or training of its employees, and whether such negligence proximately caused Plaintiff's alleged damages.
5. Whether Plaintiff was comparatively negligent.
6. Whether the subject incident proximately caused injuries and other damages to Plaintiff.
7. The reasonable value of the damages incurred by Plaintiff.
8. Whether the medical care and treatment received by Plaintiff was reasonable and necessary as a result of the subject incident.
9. Whether the medical care and treatment received by Plaintiff was causally related to the subject incident.
10. Whether the claimed future medical care and treatment of Plaintiff is causally related to the subject incident.
11. The reasonableness and necessity of any medical care and treatment Plaintiff will require in the future, and the cost thereof.
12. Did Plaintiff mitigate her damages?

/ / /

/ / /

/ / /

271954932v.3

# VI.

# ISSUES OF LAW

The following are issues of law to be tried and determined upon trial:

**A.** The amount of negligence, if any, attributable to each party in this litigation.

**B.** Whether the subject incident was the proximate cause of Plaintiff's claimed damages.

**C.** Whether Plaintiff can present sufficient evidence to meet her burden proof.

**D.** Whether Defendant Hobby Lobby can present sufficient evidence for its burden of proof regarding its affirmative defenses.

# VII.

# EXHIBITS

**A. The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

1. Video from the store, HOBBY0001.

2. Store Diagram, HOBBY0038.

**B. Plaintiff's Exhibits and Defendants' Objections thereto:**

| | DESCRIPTION | DEFENDANTS' OBJECTIONS |
|---|---|---|
| 1. | Plaintiff's Complaint | Hearsay |
| 2. | Defendant Hobby Lobby, Inc.'s Jury Demand and Answer to Complaint | Hearsay |
| 3. | Photographs of Plaintiff's arthroscopic shoulder surgery | |
| 4. | Post-surgical photographs of Plaintiff | |
| 5. | Defendant Hobby Lobby Stores, Inc. Response to Plaintiff's Requests for Production 2-5, 7-12, 14-18 & 20-23 | Discovery responses might be admissible at trial but are not exhibits that would go to the jury. *Buckley v. Evans*, 2007 WL 2900173, n. 19 (E.D. Cal. 2007). |

271954932v.3

| | | | |
|---|---|---|---|
| 1 2 3 | 6. | Defendant Hobby Lobby Stores, Inc. Response to Plaintiff's Interrogatories 3-12 and 14-25 | Discovery responses might be admissible at trial but are not exhibits that would go to the jury. *Buckley v. Evans*, 2007 WL 2900173, n. 19 (E.D. Cal. 2007). |
| 4 5 | 7. | Plaintiff's medical and billing records from El Wood, PLLC (PLTF 000857-PLTF 000858 & PLTF 001402-PLTF 001403 | |
| 6 7 8 | 8. | Plaintiff's medical and billing records ATI Physical Therapy (PLTF 000637-PLTF 000777 & PLTF 001199-PLTF 001401) | |
| 9 10 | 9. | Plaintiff's medical and billing records from A.S. Martin Orthopedics, P.C. (PLTF 000601-PLTF 000636 & PLTF 001116- PLTF 001198 & PLTF 001593-PLTF 001597) | |
| 11 12 | 10. | Plaintiff's medical and billing records from CareNow Urgent Care (PLTF 000586- PLTF 000600 & PLTF 001092- PLTF 001115) | |
| 13 14 15 | 11. | Plaintiff's medical and billing records from Desert Radiology (PLTF 000563-PLTF 000585 & PLTF 001089-PLTF 001091) | |
| 16 17 | 12. | Plaintiff's medical and billing records from Shadow Emergency Physicians, PLLC (PLTF 000562 & PLTF 000855- PLTF 000856) | |
| 18 19 | 13. | Plaintiff's medical and billing records from Summerlin Hospital Medical Center (PLTF 000291-PLTF 000561 & PLTF 000778-PLTF 000854 & PLTF 000893-PLTF 001088) | |
| 20 21 22 | 14. | Hobby Lobby Customer Incident Report Form (Hobby 00009) | Relevance; use limited by 803(5) |
| 23 24 | 15. | Customer Incident Packet Bates Numbers (Hobby 00010-Hobby 00014) | Relevance |
| 25 26 | 16. | Training Materials Pages (Hobby 00015- Hobby 00022) | Relevance |
| 27 28 | 17. | Hobby Lobby's Policy & Procedures (Hobby 00023 – Hobby 00037) | Relevance |

Page 6 of 12

271954932v.3

| 18. | Resilient Floor Tile Documents (Hobby 00039-Hobby 00043) | |
| --- | --- | --- |
| 19. | Hobby Lobby Prior Customer Incident Report Form (Hobby 00044-Hobby 00045) | Relevance per *Eldorado v. Graff* |
| 20. | Hobby Lobby Training Records (Hobby 00046-Hobby 00138) | Relevance as to employees other than Apolinar Lopez & Mark James |
| 21. | Hobby Lobby Training Materials (Hobby 00139-Hobby 154) | Relevance as to pages where no substantive material is shown. |

**C. Defendants Exhibits and Plaintiff's Objections thereto:** None other than already referenced.

**D. Evidence in Electronic Format**: The parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Although it is not known at this time which exhibits will be electronically presented, the parties stipulate that they will provide discovery in an electronic format compatible with the Court's electronic jury evidence display system. The parties stipulate that they will contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

**E. Depositions:**

1. **Plaintiff will offer the following depositions:**

| Deponent | Offered Testimony |
| --- | --- |
| Plaintiff | 8:7-13; 10:14-16; 12:14-13:12; 13:19-14:19; 14:22-15:20; 16:5-20:6; 21:2-36:21; 37:19-46:13; 47:9-13; 47:25-49:13; 53:6-54:4; 56:2-60:14; 60:19-62:1; 62:10-22; and all exhibits attached thereto. |
| Apolinar Lopez | 5:9-8:2; 9:5-17; 9:24-10:14; 12:6-15:25; 16:6-55:22 |
| Mark James | 5:8: -6:8; 9:7 – 19:6; 20:2-34:10; 34:19-25; 36:14-48:25; 49:10-55:24; 56:9-57:4; 57:15-59:22; 60:4-60:15; 60:25-74:5; 74:13-80:8; 80:15-81:24; 84:3-85:4; 86:17-100:7; and all exhibits attached thereto. |

2. **Defendants will offer the following depositions:**

271954932v.3

| Deponent | Offered Testimony |
|---|---|
| Apolinar Lopez | 9:24-10:11; 11:9-14; 12:6-12; 12:22-13:17; 14:17-15:13; 15:16-23; 16:6-18:18; 22:16-23:7; 24:15-25:18; 26:11-15; 28:11-18; 29:2-32:3; 32:18-34:2; 34:9-18; 35:14-36:13; 36:21-24; 39:22-24; 40:18-41:14; 41:22-42:8; 42:15-43:24; 44:17-45:8; 46:11-48:14; 49:3-49:20. |
| Mark James | 9:18-10:2; 15:18-23; 16:8-18:15; 20:2-5; 22:8-24:1; 24:25-25:7; 26:16-23; 28:16-29:9; 51:9-12; 52:15-54:12; 57:24-59:22; 62:2-21; 65:11-23; 66:8-14; 70:25-72:20; 74:13-75:16; 79:19-80:8; 81:19-24; 82:4-83:24; 90:16-91:21; |

**F.   Objections to Depositions:**

**1. Defendants object to Plaintiffs' depositions as follows:**

| Deponent | Offered Testimony |
|---|---|
| Plaintiff | 8:7-13, relevance; 13:19-14:19, relevance; 21:17-18, foundation; 24:2-9, relevance; 25:16-26:18, relevance; 42:10-15, discussion of insurance; 47:9-13, relevance because Plaintiff is not asserting an income loss; 53:6-54:4, answer stops at 54:2; 59:7-60:6, relevance; 60:11-14, relevance. |
| Apolinar Lopez | 5:9-8:2; relevance; 9:5-17, answer stops at 9:19; 23:8-24, foundation and relevance; 25:19-26:15, relevance; 26:16-28:10, relevance; 28:19-29:1, relevance; 32:6-14, relevance; 38:23-39:12, relevance; 43:25-44:10, relevance; 50:22-52:24, relevance. |
| Mark James | 5:8-6:8, relevance; 9:7-24, relevance; 10:9-11:12, relevance; 20:14-21:10, felony conviction more than 10 years old; 27:16-28:14, relevance; 29:10-34:10, relevance; 34:19-25, relevance; 36:14-42:20, relevance; 43:1-48:25, relevance; 56:9-57:4, relevance; 59:23-60:15, foundation, speculation; 62:6-12, relevance; 77:7-79:13, relevance; 80:15-81:18, relevance; 86:17-90:15, relevance; 95:20-100:7, relevance. |

**2. Plaintiff objects to Defendants' depositions as follows:** In addition to the objections stated on the record during the above-referenced depositions, Plaintiff objects to Defendants use of deposition transcripts for anything other than unavailability of a witness, impeachment, and to refresh recollection.

/ / /

/ / /

271954932v.3

## IX.

## **WITNESSES**

The following witnesses may be called upon by the parties at trial:

**1. Plaintiff's witnesses:**

    a.  HAYRI OLIVAS-ARNAS
        c/o Farhan R. Naqvi, Esq., and
        Paul G. Albright, Esq.
        NAQVI INJURY LAW
        9500 West Flamingo Road, Suite 104
        Las Vegas, Nevada 89147
        Telephone: (702) 553-1000

    b.  WAVERLY KIVETT
        9393 Thunder Basin Avenue
        Las Vegas, Nevada 89149
        Telephone: (928) 533-7827

    c.  APOLINAR LOPEZ
        c/o Michael P. Lowry, Esq.
        WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
        6689 Las Vegas Boulevard South, Suite 200
        Las Vegas, Nevada 89119
        Telephone: (702) 727-1400

    d.  CINDY OLIVAS-ARENAS
        *Address Unknown*
        Telephone: (702) 984-0257

    e.  A.S. MARTIN ORTHOPEDICS, P.C.
        Andrew S. Martin, M.D., and/or
        Person Most Knowledgeable and/or
        Custodian of Records
        5546 South Fort Apache Road, Suite 100
        Las Vegas, Nevada 89148
        Telephone: (702) 684-5502

    f.  ATI PHYSICAL THERAPY
        Rueben Cervantez, P.T., and/or
        Mary Antonette Valdez, PTA, and/or
        Clay Lovro, P.T., and/or
        Cameron Smith, P.T., and/or
        Bryan Ganitano, P.T.A., and/or

271954932v.3

|   |   |
|---|---|
| 1 | Michael McKay, P.T., and/or |
|   | Taylor Kucera, P.T., and/or |
| 2 | Linda Amadon, P.T.A., and/or |
|   | Matthew Duvall, P.T., and/or |
| 3 | Person Most Knowledgeable and/or |
| 4 | Custodian of Records |

        Michael McKay, P.T., and/or
        Taylor Kucera, P.T., and/or
        Linda Amadon, P.T.A., and/or
        Matthew Duvall, P.T., and/or
        Person Most Knowledgeable and/or
        Custodian of Records
        7301 Peak Drive, Suite 101
        Las Vegas, Nevada 89128
        Telephone: (702) 940-3000

        3155 West Craig Road, Suite 140
        North Las Vegas, Nevada 89032
        Telephone: (702) 639-2333

   g. THOMAS A. JENNINGS
      355 West Mesquite Boulevard, D30
      PMB 1-111
      Mesquite, Nevada 89027
      Telephone: (702) 613-5076

   h. BERNARD ONG, M.D.
      8551 W. Lake Mead Boulevard, #251
      Las Vegas, Nevada 89128
      Telephone: (702) 796-7979

   i. MARK JAMES, FRCP 30(b)(6) designee for
      HOBBY LOBBY STORES, INC. d/b/a HOBBY LOBBY #679 d/b/a HOBBY LOBBY
      c/o Michael P. Lowry, Esq.
      WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
      6689 Vegas Boulevard South, Suite 200
      Las Vegas, Nevada 89119
      Telephone: (702) 727-1400

**2. Defendants' witnesses:**

   a. Mark James, 30(b)(6) Designee, previously deposed.

   b. Apolinar Porfirio Lopez, Jr.; Hobby Lobby employee, previously deposed.

   c. Waverly Kivett
      Address Unknown
      (928) 533-7827

   d. John Herr, M.D.
      Retained Medical Expert

Page 10 of 12

271954932v.3

   e. John Brault
    Rebuttal Expert to Tom Jennings

## X.

## TRIAL DATE

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:

**1.** October 10, 2022

**2.** October 17, 2022

**3.** October 24, 2022

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed-upon dates if possible. If not, the trial will be set at the convenience of the court's calendar.

## XI.

## TIME FOR TRIAL

It is estimated that the trial herein will take a total of **3 to 5 full judicial days**.

**APPROVED AS TO FORM AND CONTENT BY:**

DATED this 13th day of June, 2022.　　　　DATED this 13th day of June, 2022.

NAQVI INJURY LAW　　　　　　　　　　WILSON ELSER MOSKOWITZ
　　　　　　　　　　　　　　　　　　　　EDELMAN & DICKER LLP

*/s/ Paul G. Albright*_____　　*/s/ Michael P. Lowry*_____
FARHAN R. NAQVI　　　　　　　　　　　MICHAEL P. LOWRY
Nevada Bar No. 8589　　　　　　　　　　Nevada Bar No. 10666
PAUL G. ALBRIGHT　　　　　　　　　　300 South 4th Street, 11th Floor
Nevada Bar No. 14159　　　　　　　　　Las Vegas, Nevada 89101
9500 W. Flamingo Road, Suite 104　　　　*Attorneys for Defendants*
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*

271954932v.3

## XII.
## ACTION BY THE COURT

This case is set for jury trial on the fixed/stacked calendar on January 27, 2024 at 8:30 am in LV 7C; Calendar call shall be held on January 21, 2023 at 8:30 am in LV 7C.

This pretrial order has been approved by the parties to this action as evidenced by the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: March 30, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

271954932v.3